UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

IN THE MATTER OF:

JOSE RAUL PEREZ,

    Debtor

Civ. No. 98-2262(PG)

## OPINION AND ORDER

Debtor, José Raúl Pérez, after having been granted an extension of time, filed a <u>pro se</u> Notice of Appeal on January 20, 1998, from a bankruptcy court's judgment entered on November 21, 1997, denying debtor's motion to reopen the Chapter 13 case. The designation of record and issues on appeal was filed on February 3, 1998. The record on appeal was transmitted from the bankruptcy court to this Court on November 6, 1998, and entered on docket the same day.

On December 1, 1998, debtor filed a <u>pro se</u> motion requesting an extension of time until December 19, 1998, to file his brief. More than nine months have transpired since the last motion and no brief has been filed.

The timely filing of briefs is governed by Bankruptcy Rule 8009, which establishes a fifteen-day period for the filing of a brief after the appeal has been entered on docket. The rule provides in pertinent part:

> (a) Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

Civ. No. 98-2262(PG)                                                          2.

> (1) The appellant shall serve and file his brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

Bankruptcy Rule 8009.

A review of debtor's procedural background moves the Court to exercise its discretion and dismiss the appeal. Mr. José Raúl Pérez filed his first Chapter 13 case on June 10, 1993 (Bankruptcy Case No. 93-3019). This case was dismissed due to debtor's failure to (1) appear at the 341 meeting, (2) file plans and (3) to make payments. A second petition was filed and dismissed for the same reasons as the first petition. A third petition was dismissed because the bankruptcy court concluded that the debtor was not eligible for relief under chapter 13 and because he had previously filed two bankruptcy petitions without demonstrating a change of circumstances which could justify successive filings. Permeating all previous petitions filed is debtor's pattern of disregarding orders and failing to prosecute the petitions once they were filed. The bankruptcy court found that debtor's failure to comply with the orders was willful and the unreasonable delay by the debtor was prejudicial to the creditors.

The judgment being appealed is the bankruptcy court's denial of debtor's motion to reopen the first bankruptcy case filed more than six years ago. Given debtor's background of failure to prosecute and the fact that debtor is trying to reopen a case dismissed almost six

Civ. No. 98-2262(PG)                                                         3.

years ago, the Court finds that debtor was negligent in failing to prosecute this appeal and that debtor's unreasonable delay in the prosecution of this appeal would undoubtedly cause prejudicial effect on the creditors.  It is proper to dismiss Pérez's appeal for failure to file a brief as required by Bankruptcy Rule 8009.  <u>See, e.g.</u>, <u>Nielsen v. Price</u>, 17 F.3d 1276 (10th Cir. 1994) (dismissal of <u>pro se</u> appeal for failure of appellant to file timely designation of record or brief was not abuse of discretion even though debtor did not have an attorney's assistance in preparing the appeal); <u>In re Tampa Chain Co.</u>, 835 F.2d 54, 55-56 (2nd Cir. 1987) (<u>per curiam</u>) (affirming dismissal of bankruptcy appeal after brief was filed seven months late without explanation).

WHEREFORE, in view of the above, the Court hereby **ORDERS** the **DISMISSAL of the appeal**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, November   8  , 1999.

JUAN M. PEREZ-GIMENEZ

s/c: USBC

AO 72A
(Rev 8/82)